UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TYRONE JUDE WHITTINGTON**                       **CIVIL ACTION**

**VERSUS**                                                                           **NO. 16-1702**

**NEWELL NORMAND, ET AL.**                        **SECTION: "J"(1)**

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Tyrone Jude Whittington, a state pretrial detainee, filed the instant *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. He named the following defendants: Jefferson Parish Sheriff Newell Normand; Deputy Chief Sue Ellen Monfra; Lieutenant Aaron Wilkie; Major Ed Olsen; Deputy Bryan Bordelon; Deputy Dennis Robertson; Sergeant Timothy Berrian; Deputy Allen Flettrich; Deputy Gregory Donald; Sergeant Martha Ennis; Sergeant Brenda Lee; "Correcthealth"; "Correcthealth Psychiatric"; "J.P.C.C. Social Worker Jackie"; Carl Preyer; Gary Cook; S. Abadie; S. Carter; and the State of Louisiana.[1] In this lawsuit, plaintiff asserts various claims challenging the conditions of his confinement at the Jefferson Parish Correctional Center.[2] However, for the following reasons, the undersigned recommends that the claims against "Correcthealth," "Correcthealth Psychiatric," and the State of Louisiana be dismissed.[3]

---

[1] Cook, Abadie, Carter, and the State of Louisiana were identified as defendants in plaintiff's original "Petition for Housing Transfer," which was construed as a deficient federal civil rights complaint. Rec. Docs. 1, p. 8, and 4-2, p. 8. When plaintiff filed subsequently filed a proper complaint, those defendants were no longer listed. However, out of an abundance of caution, the undersigned considers them to remain as defendants herein.

[2] After filing this lawsuit, plaintiff was transferred to the Richwood Correctional Center in Richwood, Louisiana, where he currently remains incarcerated. Rec. Doc. 11.

[3] This Partial Report and Recommendation does not address the claims against defendants Normand, Monfra, Wilkie, Olsen, Bordelon, Robertson, Berrian, Flettrich, Donald, Ennis, Lee, "J.P.C.C. Social Worker Jackie," Preyer, Cook, Abadie, and Carter. Those claims should be allowed to proceed pending further development.

## Motion for Summary Judgment

Correcthealth Jefferson, LLC (hereinafter "Correcthealth") filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4]  However, because that motion presented matters outside of the complaint for the Court's consideration, the parties were notified that the motion would be treated as one for summary judgment pursuant to Rule 56.[5]  See Fed. R. Civ. P. 12(d).  Plaintiff has opposed the motion.[6]

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact."  Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted).  The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56); accord Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).  The Court has no duty to search the record

---

[4] Rec. Doc. 19. Correcthealth Jefferson, LLC, is the correct name of the improperly identified "Correcthealth" and "Correcthealth Psychiatric" named as defendants in the complaint.
[5] Rec. Doc. 20.
[6] Rec. Doc. 21.

for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In this lawsuit, plaintiff asserts three claims in which he complains about the purported inadequacy of the medical treatment provided by Correcthealth and its employees:

(1) "Correcthealth denied plaintiff medical diagnosis, and/or medicine after having liquid bodily waste thrown/projected into his pore (such as urine, spit, feces, blood, semen, etc.) in use as a weapon."[7]

(2) "J.P.C.C./Correcthealth social worker Ms. Jackie denied/refused to allow, or refer Whittington to Correcthealth Psychiatric. Further, Correcthealth refused to medically treat Whittington for his mental illness. In addition, Correcthealth refused to retrieve Plaintiff mental-health records from outside of [the] facility."[8]

(3) "Correcthealth refuse to provide Plaintiff with sufficient dental treatment, such as: root-canal, fillings, temporary fillings, etc. Consequently, Plaintiff suffered from a broken tooth, teeth and gums infection that spread with contamination and hollow holes causing excruciating pain."[9]

---

[7] Rec. Doc. 4, p. 6.
[8] Id. at pp. 6-7.
[9] Id. at p. 7.

In its motion, Correcthealth concedes that it qualifies as a "state actor" under § 1983 despite the fact that it is a private entity. That is correct. Grandpre v. Correct Health, Civ. Action No. 16-1543, 2016 WL 4539442, at *8 (E.D. La. Aug. 29, 2016 (Roby, M.J.) ("The Court first recognizes that CorrectHealth is the private corporation contracted to operate the medical services within JPCC, and the company and its employees are subject to liability as state actors under § 1983."); see Shadrick v. Hopkins County, Kentucky, 805 F.3d 724, 736 (6th Cir. 2015) ("[P]rivate corporations performing traditional state functions, such as the provision of medical services to prison inmates, act under color of state law for purposes of § 1983."); see also West v. Atkins, 487 U.S. 42, 54 (1988) ("Respondent, as a physician employed by North Carolina to provide medical services to state prison inmates, acted under color of state law for purposes of § 1983 when undertaking his duties in treating petitioner's injury. Such conduct is fairly attributable to the State."); Bishop v. Karney, 408 Fed. App'x 846, 848 (5th Cir. 2011) ("A private doctor under contract with a state prison to provide medical care to prisoners is considered a state actor because his action in providing medical care to prisoners is fairly attributable to the state.").

However, Correcthealth argues that the claim against it should nevertheless be dismissed because plaintiff is attempting to hold the corporation liable for the actions or inactions of its employees based on a theory of *respondeat superior*. Again, that is correct. It is beyond cavil that a § 1983 claim cannot be based on the theory of *respondeat superior*. See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Grandpre, 2016 WL 4539442, at *8 ("Grandpre seeks to hold CorrectHealth

liable based on a theory of vicarious liability, which simply is not allowed in an action filed pursuant to § 1983."); Easter v. Lafourche Parish Sheriff's Office, Civ. Action No. 13-5797, 2014 WL 3687239, at *3 (E.D. La. July 23, 2014) ("As to CorrectHealth, the private corporation which operates the jail's medical department, plaintiff failed to state a nonfrivolous claim against that defendant. Even if a cognizable claim could be stated against CorrectHealth in some circumstances, this is not among them.  At best, plaintiff appears to be attempting to hold CorrectHealth liable based on a theory of vicarious liability, which simply is not allowed in an action filed pursuant to 42 U.S.C. § 1983."); Sears *ex rel.* Sears v. Lee, Civ. Action No. 08-3418, 2010 WL 324385, at *5 (E.D. La. Jan. 20, 2010) ("Plaintiff alone infers a broad custom or policy from an isolated incident or simply assumes, based on the severity of Patrick's injuries, that an unconstitutional policy must be at fault.  Without a more concrete causal connection between CorrectHealth and the actions of its employees, Plaintiff's claim too closely mirrors simple vicarious liability which is unsustainable in this § 1983 action.").

Because Correcthealth cannot be held vicariously liable for its employees and because plaintiff has not alleged any other basis on which the corporation itself violated his rights, such as by adopting a constitutionally deficient custom, policy, or practice which resulted in his injuries, plaintiff has failed to state a claim against Correcthealth.  Therefore, the § 1983 claims against Correcthealth should be dismissed without prejudice.  Suffal v. Parish, Civ. Action No. 14-2478, 2015 WL 631452, at *3 (E.D. La. Feb. 13, 2015).

## **Eleventh Amendment**

In addition, the Court notes that plaintiff has also named the State of Louisiana as a defendant in this lawsuit.  However, any claims against the State of Louisiana are clearly prohibited

5

by the Eleventh Amendment.  Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief.  <u>Cozzo v. Tangipahoa Parish Council-President Government</u>, 279 F.3d 273, 280 (5th Cir. 2002); <u>Tyson v. Reed</u>, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010).  Moreover, as the United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  <u>See</u> La.Rev. Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

<u>Cozzo</u>, 279 F.3d at 281 (quotation marks and citations omitted).  Accordingly, the claims against the State of Louisiana should be dismissed without prejudice pursuant to the Eleventh Amendment for lack of jurisdiction.  <u>See</u> <u>Warnock v. Pecos County, Texas</u>, 88 F.3d 341, 343 (5th Cir. 1996); <u>Maize v. Correct Health Jefferson, L.L.C.</u>, Civ. Action No. 13-5925, 2013 WL 6490549, at *3 (E.D. La. Dec. 10, 2013); <u>Newson v. Alford</u>, Civ. Action No. 09-6595, 2009 WL 4799146, at *2 (E.D. La. Dec. 4, 2009); <u>Tyson v. Tanner</u>, Civ. Action No. 08-4445, 2009 WL 2899815, at *7 (E.D. La. Aug. 31, 2009).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the motion filed by Correcthealth Jefferson, LCC, Rec. Doc. 19, be **GRANTED** and that the claims against that defendant be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that that plaintiff's claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** pursuant to the Eleventh Amendment for lack of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fourteenth day of September, 2016.

                                           _____
                                           **JANIS VAN MEERVELD**
                                           **UNITED STATES MAGISTRATE JUDGE**