UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TYRONE JUDE WHITTINGTON**     **CIVIL ACTION**

**VERSUS**     **NO. 16-1702**

**NEWELL NORMAND, ET AL.**     **SECTION: "J"(1)**

**O R D E R**

Plaintiff, Tyrone Jude Whittington, a state pretrial detainee, filed the instant *pro se* complaint pursuant to 42 U.S.C. § 1983. He sued numerous defendants, including Correcthealth Jefferson, LLC ("Correcthealth"). The undersigned subsequently issued a report recommending that the claims against Correcthealth be dismissed without prejudice, explaining:

> Because Correcthealth cannot be held vicariously liable for its employees and because plaintiff has not alleged any other basis on which the corporation itself violated his rights, such as by adopting a constitutionally deficient custom, policy, or practice which resulted in his injuries, plaintiff has failed to state a claim against Correcthealth.

Rec. Doc. 28, p. 5. The United States District Judge adopted that recommendation and dismissed the claims against Correcthealth without prejudice. Rec. Doc. 42.

Currently pending before the Court is plaintiff's motion for leave to amend his complaint to assert additional claims against Correcthealth. Rec. Doc. 39. Correcthealth has opposed the motion. Rec. Doc. 40. For the following reasons, the motion is **DENIED**.

In pertinent part, the Federal Rules of Civil Procedure provide:

**(a) Amendments Before Trial.**

**(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:

>    **(A)**    21 days after serving it, or
>
>    **(B)**    if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) Other Amendments**.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  Because plaintiff's motion would be untimely under Rule 15(a)(1), and because the opposing party has not consented to the proposed amendment under Rule 15(a)(2), leave of court is required.  In ruling on a motion for leave to amend, a court may consider, *inter alia*, the futility of the proposed amendments.  Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981).

To the extent that plaintiff is again attempting to assert claims under § 1983, his proposed amendment suffers from the same defect as his original complaint.  Specifically, it appears that he is again seeking to hold Correcthealth vicariously liable for the acts or omissions of its employees; however, as already explained in the Partial Report and Recommendation, vicarious liability cannot serve as a basis for a § 1983 claim.  Because plaintiff has not alleged a basis on which the corporation itself violated his rights, the proposed amendment would be futile.

In its opposition, Correcthealth argues that if plaintiff's motion is interpreted as also attempting to assert negligence or medical malpractice claims under state law, any such claims would be premature because he has never presented them to a medical review panel as required under the Louisiana Medical Malpractice Act.  Correcthealth is correct, and, therefore, it would likewise be futile to allow the complaint to be amended to include plaintiff's proposed state law negligence and malpractice claims, if any.  See Suffal v. Jefferson Parish, Civ. Action No. 14-

2478, 2015 WL 631452, at *2 (E.D. La. Feb. 13, 2015); <u>Adams v. Foti</u>, Civ. Action No. 02-1059, 2004 WL 241859, at *3-4 (E.D. La. Feb. 5, 2004).

New Orleans, Louisiana, this tenth day of February, 2017.

                                                                                    _____
                                                                                    **JANIS VAN MEERVELD**
                                                                                    **UNITED STATES MAGISTRATE JUDGE**